FILED
SUPERIOR COURT
OF GUAM

2022 SEP 30 AM 10: 06

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0718-19 |
| vs. | **DECISION AND ORDER**<br>*Re: Defendant's Motion for Reconsideration of*<br>*Revocation and Imposition of Sentence* |
| BRYAN JOSEPH BEJOSANO GUERRERO<br>DOB:12/30/1988 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on August 4, 2022, for a hearing on Defendant's Motion to Reconsider Revocation. Assistant Public Defender Ana Marie Gayle represents Defendant Bryan Joseph Guerrero ("Defendant"). Assistant Attorney General Dannis Lee represents the People of Guam ("the People"). Having considered the arguments, briefs, and applicable law, the Court hereby **DENIES** Defendant's Motion to Reconsider Revocation.

## BACKGROUND

On November 19, 2020, Defendant entered a guilty plea to the charge of THEFT OF A MOTOR VEHICLE (As a Second Degree Felony). Under the Plea Agreement, Defendant was sentenced to serve a total of five (5) years of incarceration, with all but ten (10) months suspended, with credit for time served. *See* Judgment p. 2 (Dec. 9, 2020). The Plea Agreement also placed Defendant on two (2) years of supervised probation, and required Defendant to complete a Theft Prevention Program, obey all local and federal laws, among other conditions. *See* Judgment pp. 3 - 6 (Dec. 9, 2020). A Judgment of Conviction was later filed on December 12, 2020. Defendant's probationary term is set to expire on November 19, 2022.

On April 30, 2021, Probation filed a First Violation Report indicating that Defendant failed to obey all the laws of Guam and was charged in a new case, CF0211-21. *See* 1st Violation Rpt. (April 30, 2021). A hearing for the First Violation was held on June 24, 2021, wherein the Court held the violation in abeyance in light of the new case.

Then on August 12, 2021, Probation filed a Second Violation Report, which indicated that Defendant filed to refrain from possessing and/or consuming any illegal controlled substances as ordered. *See* 2nd Violation Rpt. (Aug. 12, 2021). About four days later, on August 16, 2021, a warrant for Defendant's arrest was issued. A return of warrant hearing was later held on August 25, 2021, wherein the Court remanded Defendant.

On September 8, 2021, the People filed their Motion to Revoke Probation, and Defendant filed his Opposition on October 1, 2021. A hearing on the People's Motion was held on November 3, 2021, wherein Defense Counsel asked the Court to allow Defendant to attend Lighthouse Recovery Center ("LRC") for treatment, indicating that a bed would be available for Defendant on November 12, 2021. The Court indicated that it would allow Defendant to attend LRC, and continued Defendant's revocation. *See* Min. Entry 11:39AM (Nov. 3, 2021).

About two days later, on November 5, 2021, the Court issued an Order for Transport and Placement, which ordered the Department of Corrections to relinquish custody of Defendant to LRC. *See* Order for Transport & Placement (Nov. 5, 2021).

A little over a month later, on December 23, 2021, Probation filed a Third Violation Report, which indicated that Defendant failed to complete the LRC inpatient treatment as ordered. Specifically, Defendant was terminated due to a violation of LRC's code of conduct. *See* 3rd Violation Rpt. (Dec. 23, 2021).

A further proceedings hearing was held on January 6, 2022, where Defendant admitted to violating the LRC code of conduct. The Court then revoked Defendant's probation and imposed the original sentence. In addition, the Court allowed Defense Counsel to file a motion for reconsideration within 120 days. *See* Min. Entry 10:20AM (Jan 6, 2022).

Defendant filed his Motion to Reconsider Revocation on May 6, 2022, and later filed Letters of Support for Reconsideration on August 2, 2022. A hearing on Defendant's Motion was held on August 4, 2022, wherein Defendant read his apology letter to the Court and the matter was taken under advisement.

## DISCUSSION

The Guam Local Rule CR 1.1 sets forth the standard for a motion for reconsideration:

> A motion may be renewed only on the grounds of (1) a material difference in fact or law from that presented to the Court before such decision that the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or change of law occurring after the time of such decision, or (3) a manifest showing of a failure to consider material facts presented to the court before such decision.

Local Rule CR 7.1(i). Further, no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion. *Id.*

Defendant's motion fails to satisfy any of the three standards allowing for reconsideration. First, Defendant's motion fails to advance any argument reflecting a difference in fact or law since the Court revoked Defendant on January 6, 2022. While Defendant, now, provides the Court with an apology and letters in support of reconsideration, it does not change the underlying material facts and law that led this Court to revoke Defendant back in January 2022. The record reflects that Defendant has a total of three violations, one of which occurred after the Court allowed Defendant the opportunity to seek treatment at LRC. As for the second standard, the Court yields the same conclusion. The Court does not find that Defendant's apology and the letters in support of reconsideration rise to the level of "the emergence of new or material facts," that warrant reconsideration. Finally, this Court has thoroughly reviewed the record, which only served to reveal that this Court has considered all the material facts presented to it in making its decision to revoke Defendant.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Reconsider Revocation of Probation is hereby **DENIED.**

SEP 2 9 2022

**IT IS SO ORDERED** _____.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

___AG, APD___

Date: 9/30/22 Time: 1:48 p

Antonio (A) Cruz
Deputy Clerk, Superior Court of Guam